Filed 5/1/23 P. v. Miller CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080485 |
| v. | (Super.Ct.No. BPR2201415) |
| KENNETH BRANDON MILLER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Sylwia Luttrell, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Kenneth Brandon Miller appeals from a post-judgment order revoking his parole upon his ninth violation of the parole condition requiring him to recharge his Global Positioning System (GPS) device twice daily for one hour, which failure to

1

recharge it rendered the device inactive. Defendant was sentenced to serve 180 days in custody pursuant to Penal Code[1] sections 3056 and 3010.10. Defendant's counsel filed a brief pursuant to procedures recommended in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*)and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Defendant was given an opportunity to file a supplemental brief on his own behalf but has not done so. We affirm.

## BACKGROUND

In 2004, defendant was convicted of a violation of section 314.1, indecent exposure, for which he was placed on probation and ordered to register as a sex offender pursuant to section 290.018, subdivision (b). He has been convicted twice of violating section 290.018, subdivision (b) by failing to register, as well as one violation under section 290, subdivision (g)(2).

Defendant's parole on those charges has been violated nine times, including twice in 2022 for failure to charge the GPS device, for which incarceration was imposed. Defendant's most recent incarceration ended on December 15, 2022, when he was released on parole pursuant to certain special conditions of parole, one of which required him to participate in continuous electronic monitoring (special condition, No. 46), and another of which required him to recharge his GPS device twice daily, every 12 hours, for one hour each time.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Upon defendant's release from custody on December 15, 2022, the GPS device was placed on defendant's ankle and charged from 12:06 p.m. until 12:12 p.m. (six minutes); he charged it again between 12:13 p.m. and 12:27 p.m., (14 minutes), and again between 1:20 p.m. and 1:28 p.m. (eight minutes), for a total of approximately 30 minutes. Because defendant is transient, he was advised he could recharge the device at the parole office during business hours, or at a local business.

On December 15, 2022, at 07:54 p.m., defendant's GPS device recorded a low battery alarm on the device's online database. At 11:10 p.m. the GPS device went into "critical battery," which meant the battery would soon be dead. At 2:04 a.m. on the morning of December 16, Miller's GPS device went into "dead battery." When the GPS device goes into dead battery it ceases to provide continuous electronic supervision, rendering it inoperable. Defendant acknowledged hearing the audible sounds emitted at the various stages of the battery's loss of power.

At 10:15 a.m. on the morning of December 16, 2022, the parole officer took defendant into custody for failing to maintain the charge on the device as required by his parole conditions, rendering the device inoperable.

Following a hearing on the parole officer's petition for revocation of parole, the court granted the petition, found defendant had violated parole and remanded him to custody for 180 days in county jail, with 49 days credit for time served.

Defendant appealed. Counsel was appointed to represent defendant on appeal and that counsel filed a brief raising no issues. We gave defendant an opportunity to file a

3

personal supplemental brief, and advised him the appeal could be dismissed if he failed to file a supplemental brief, but he has failed to do so.

## DISCUSSION

Counsel has filed a brief under the authority of *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting that we undertake an independent review of the entire record. We invited defendant to file a supplemental brief or letter and informed him that failure to file a supplemental brief raising issues for review could result in a dismissal of his appeal. Defendant has not availed himself of that opportunity.

Because this appeal is from a post-judgment order, *Wende-Anders* procedures, which are applicable to direct appeal following a conviction, do not require us to read the entire record to look for arguable grounds for reversal, although we have the discretion to do so. (*People v. Delgadillo* (2022) 14 Ca1.5th 216, 228.) In the present case, an independent review of the record has been conducted but no arguable issues have been found. Defendant's due process rights were honored during the proceedings in the trial court, and he was not deprived of effective assistance of counsel.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____

P. J.

We concur:

FIELDS _____

J.

RAPHAEL _____

J.

5